UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CAROL ANNE RUTKOWSKI and
THOMAS DAVID RUTKOWSKI,   Case No. 06-40992-MBM
                          Chapter 13
                          Hon. Marci B. McIvor

             Debtors.
_____/

**OPINION AND ORDER DENYING TRUSTEE'S MOTION FOR RECONSIDERATION**

On May 16, 2011, the Court entered an Order entitled "Order Resolving Creditor's Objection to Trustee's Notice of Completion and for Recovery of Funds Advanced for Delinquent Taxes." On May 27, 2011, the Chapter 13 Trustee filed the "Chapter 13 Trustee's Motion for Rehearing" of the May 16, 2011 Order. The Court views this Motion for Rehearing as a Motion for Reconsideration under Fed. R. Bankr. P. 9024 and L.B.R. 9024-1. For the reasons set forth below, this Court DENIES the Trustee's Motion for Reconsideration.

I.

FACTUAL BACKGROUND

Creditor Deutsche Bank is the mortgagee on real property owned by the Debtors located at 22578 Eddy Dr., Macomb, Michigan 48044 (Mortgage, Exhibit A and Note, attached to Creditor's Brief, Exhibits A and B). On January 30, 2006, Debtors filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code. The Debtors' Plan proposed to pay the ongoing mortgage claim as well as the arrearage claim through the

Chapter 13 Plan. Debtors' loan with Creditor has always been a non-escrowed loan. Pursuant to the confirmed Plan, Debtors were responsible for the direct maintenance of both the real property taxes and homeowner's insurance. Debtors provided for payment of their property taxes by including $250.00 per month on their scheduled expenses on Schedule J.

Debtors failed to pay post-petition property taxes for 2005, 2006, 2007 and the summer taxes for 2008. Pursuant to the contractual rights of the mortgagee, Creditor advanced $12,167.35 for payment of delinquent 2005, 2006, 2007, and 2008 (summer) taxes (Taxing Authority Receipts, attached as Exhibit C to Creditor's Brief). Additionally, the Creditor sent the Debtors IRS Form 1098 Annual Tax and Interest Statements. These statements disclosed payment of the property taxes by Creditor Deutsche Bank for every calendar year from 2005 to 2008. (1098 Forms for years 2005-2008, attached as Exhibit D-1 through D-4 to Creditor's Brief).

On February 25, 2011, the Chapter 13 Trustee filed a Notice of Completion of Plan Payments ("Plan Completion Notice"). Pursuant to Local Rule 2015-5(a)(5), Creditor timely filed its Objection to the Plan Completion Notice ("Objection") due to the existence of a post-petition balance for tax advances. Prior to the hearing on the Creditor's objection, Debtors and Creditor discussed the matter and reached an agreement for the repayment of the funds advanced for the taxes paid on their behalf by Creditor.

On May 5, 2011, the Debtors and Creditor appeared before the Court to place their resolution of Creditor's objection on the record. The Trustee objected to the resolution, alleging that Creditor Deutsche Bank had advanced more than $12,000.00 in

property taxes without providing notice to either the Debtor or the Chapter 13 Trustee as required by Local Bankruptcy Rules. The Trustee argued that Creditor Deutsche Bank's alleged failure to comply with the Local Rules should result in a discharge of the taxes paid by Creditor post-petition.

At the conclusion of the hearing, the Court overruled the Trustee's objection to the settlement reached by Debtors and Creditor. The Court also held that the post-petition property taxes were excepted from discharge.

On May 16, 2011, Debtors and Creditor Deutsche Bank filed a stipulation setting forth the terms of their agreement for the repayment of the post-petition tax obligation. Pursuant to the stipulation, the Court entered the "Order Resolving Creditor's Objection to Trustee's Notice of Completion and for Recovery of Funds Advanced for Delinquent Taxes." On May 27, 2011, the Chapter 13 Trustee filed the current Motion. On June 2, 2011, the Court entered an Order Requiring Creditor, Deutsche Bank National Trust Company, to File Response to Chapter 13 Trustee's Motion for Rehearing.

II.

ANALYSIS

Fed. R. Bankr. P. 9024 provides that:

Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330.

In addition, under L.B.R. 9024-1, a motion for reconsideration should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect *and* that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.

A. <u>L.B.R. 2015-5 Does Not Give the Trustee Authority to Challenge a Consensual Resolution of a Creditor's Objection to the Trustee's Notice of Completion of Plan Payments.</u>

The Bankruptcy Court for the Eastern District of Michigan has created a procedure for resolving issues which arise at the completion of a chapter 13 Plan. The procedure for resolving issues relating to a debtor's discharge is controlled by L.B.R. 2015-1. The local rule states:

> Rule 2015-5   Trustee's Procedures Upon Chapter 13 Plan Completion
>
> (a) Procedure Leading to Entry of the Debtor's Discharge. As promptly as practicable after the completion of plan payments by the debtor to the trustee, the trustee shall file and serve on the debtor and all holders of allowed claims a notice stating that:
>
>> (1)   The debtor's payments to the trustee under the plan have been completed.
>>
>> (2)   The order of discharge will include findings that:
>>
>>> (A)   All allowed claims have been paid in accordance with the plan, and
>>>
>>> (B)   With respect to any secured claim that continues beyond the term of the plan, any prepetition or post-petition defaults have been cured and the claim is in all respects current, with no escrow balance, late

>       charges, costs or attorney fees owing.
>
> (3) The order of discharge will direct that:
>
>    (A) Any creditor who held a secured claim that was fully paid shall execute and deliver to the debtor a release, termination statement, discharge of mortgage or other appropriate certificate suitable for recording; and
>
>    (B) Any creditor who holds a secured claim that continues beyond the term of the plan shall take no action inconsistent with the above findings.
>
> (4) Any party may file an objection to the trustee's notice under subparagraph (a)(1); to assert that the debtor is not current in the payments that the debtor was authorized to make directly to a creditor; to the proposed findings as stated in subparagraph (a)(2); or to the proposed terms of the order of discharge as stated in subparagraph (a)(3).
>
> (5) The deadline to file an objection is 28 days after service of the notice. If no objection is timely filed, the court may enter an order of discharge containing the provisions of subparagraphs (a)(2) and (a)(3) without a hearing. If a timely objection is filed, the court will delay entry of the order of discharge until it resolves the objection and a hearing will be scheduled with notice to the objecting party, the debtor and the trustee.

L.B.R. 2015-5 serves two purposes. The first purpose is to give notice to creditors that a debtor has completed his/her plan payments and is, therefore, eligible for a discharge of all debts provided for by the plan. If no objection is filed, the notice triggers the entry of the order of discharge. The second purpose of L.B.R. 2015-5 is to establish a procedure by which creditors and debtors may resolve issues relating to either a default on plan payments or post-petition debts which will survive discharge.

5

On February 25, 2011, the Chapter 13 Trustee filed his "Notice of Completion of Plan Payments; Notice to Debtor of Obligation to File Debtor's Certification; and Notice to Creditor's Right to Object". ("Notice").

On March 25, 2011, Creditor Deutsche Bank filed an objection to the Trustee's Notice. The response stated that Creditor had paid Debtors' property taxes for 2005, 2006, 2007 and the summer taxes for 2008. Since Debtors had not paid their post-petition property taxes, Creditor asserted that the tax obligations could not be discharged in Debtors' Chapter 13 bankruptcy proceeding. Debtors and Creditor resolved the objection, but the Chapter 13 Trustee took issue with the resolution.

L.B.R. 2015-5 does not provide authority for the Chapter 13 Trustee to challenge a consensual resolution between a debtor and a creditor who has filed an objection to the Notice of Completion of Plan Payments. The Chapter 13 Trustee is critical to the administration of Chapter 13 cases; however, it is not the role of the Trustee to second guess decisions made by competent counsel. The Trustee may disagree with the terms of many settlements, but the Trustee's disagreement with the terms of a settlement does not provide grounds for rejecting a settlement negotiated between a debtor and a creditor, when both are represented by competent counsel.

There is no palpable defect in the Court's "Order Resolving Creditor's Objection to Trustee's Notice of Completion and for Recovery of Funds Advanced for Delinquent Taxes" where the objection was consensually resolved by the affected parties, that is Debtors and Creditor, Deutsche Bank.

B.   Creditor's Failure to File a Statement Indicating That Creditor Had Advanced Property Taxes for 2005 - 2008, Does Not Violate LBR 3001-2

In opposing the consensual resolution reached by the Debtors and the Creditor, the Trustee argued that the Creditor had failed to comply with L.B.R. 3001-2 and further, argued that the Creditor's alleged failure to comply with L.B.R. 3001-2 should result in the discharge of the taxes paid by the Creditor post-petition. L.B.R. 3001-2 reads in relevant part:

> Adjustment in a Periodic Payment on a Secured Claim in Chapter 13
>
> (a) Creditor's Statement. A creditor with a claim under § 1322(b)(5) or (b)(7)[1] shall file and serve on the debtor a statement of any proposed increase or decrease of periodic payments and file a certificate of service. The deadline to file this statement is 42 days before the effective date of the adjustment of the payment amount. The statement shall fully disclose the calculations on which the adjustment is based.

L.B.R. 3001-2 requires a mortgage creditor to give notice to the Trustee and the debtor of a change in the ongoing mortgage payment so that the Trustee and the debtor may adjust the payments made through the plan to accommodate the new mortgage payment. The rule was adopted primarily to address problems caused by adjustable rate mortgages. Without notice to the Trustee and debtor of the adjustment in the mortgage payment, debtors could reach the conclusion of their Chapter 13 case with a significant arrearage on the ongoing mortgage payments.

L.B.R. 3001-2(a) does not apply to post-petition taxes advanced by a mortgage creditor on a non-escrowed loan. The bi-annual payment of taxes which should have

---

[1] 11 U.S.C. § 1322(b)(5) and (b)(7) relate to claims on which the last payment is due after the completion of the chapter 13 plan. Mortgage claims are claims under § 1322(b)(5) and (b)(7).

7

been paid by the Debtors was not a periodic payment controlled by L.B.R. 3001-2. While it may be preferable for a creditor with a post-petition tax claim to file a claim in the bankruptcy case so that claim may be dealt with in the bankruptcy, L.B.R. 3001-2(a) does not require a creditor to do so.

The Trustee makes no attempt to explain how a tax payment advanced by a creditor on a non-escrowed loan could be considered a periodic payment under L.B.R. 3001-2. Rather, the Trustee argues that the policy considerations behind L.B.R. 2015-5 and L.B.R. 3001-2 will be thwarted if debtors emerge from bankruptcy owing a significant amount to their mortgage creditor. The Court agrees that the rules are aimed at resolving mortgage issues during the life of the bankruptcy case, but they are not intended to deprive a mortgage creditor of its right to collect post-petition property taxes advanced on behalf of a debtor. Nothing in the rules provides that a debtor is entitled to a discharge of post-petition taxes that the debtor was contractually obligated to pay. If a debtor has incurred a post-petition debt to the mortgage creditor, L.B.R. 2015-5 provides a procedure for resolving claims which may survive discharge. Accordingly, there is no palpable defect in the Court's ruling that L.B.R. 3001-2 does not apply to non-periodic post-petition tax payments advanced by a creditor on behalf of a debtor.

### C. Post-petition Tax Advances Survive Discharge

Several sections of the Bankruptcy Code prevent the discharge of post-petition tax advances made by a mortgage creditor. First, 11 U.S.C. § 1328 limits the availability of the chapter 13 discharge as follows:

(a)(1) . . . , the court shall grant the debtor a discharge of all debts provided for by

8

the plan . . ., except any debt -

> (1) provided for under section 1322(b)(5).

11 U.S.C. § 1322(b)(5) states that a chapter 13 plan must:

> (5) . . . provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

In plain language, a debtor must maintain payments which become due to a secured creditor while the case is pending. The failure to do so results in a debt which survives discharge. Debtors failed to pay the post-petition taxes which Debtors were contractually obligated to pay pursuant to their loan note and mortgage. Those taxes are "payments" owed to a secured creditor which became due while the case was pending. Furthermore, these obligations are not provided for by the plan, both because the taxes became due post petition, and because the Debtors' Schedule J provided that Debtors would pay the taxes directly. See, *In re Guevara*, 258 B.R. 59, 61 (Bankr. S.D. Fla 2001). Therefore, the post-petition taxes are nondischargeable.

Second, 11 U.S.C. § 1322 prevents modification of the rights of a secured lender. 11 U.S.C. § 1322(b)(2) states:

> Subject to subsections (a) and (c) of this section, the plan may-
>
> > (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. . .

Section 1322(b)(2) of the Bankruptcy Code prohibits modification of the basic contract provisions for payments to a creditor secured by a debtors' principal residence.

9

Therefore, a debtors' liability under the terms of their mortgage, which includes payment of all taxes and insurance, is unaffected by a debtors' plan. *In re Guevara*, 258 B.R. 59, 61 (Bankr. S.D. Fla 2001)(annual increases in the amount of tax and insurance owed, which where not provided for in the plan, are not discharged under the plan). Under 11 U.S.C. § 1322(b)(2), creditors' contractual right to payment of post-petition tax advances may not be modified and survives discharge under 11 U.S.C. § 1328(a)(1).

Lastly, post-petition tax advances qualify as post-petition claim under 11 U.S.C. § 1305. 11 U.S.C. § 1305(a) states:

> (a) A proof of claim may be filed by any entity that holds a claim against the debtor-
>
> (1) for taxes that become payable to a governmental unit while the case is pending...

Property taxes which become due post-petition are clearly "taxes that become payable to a governmental unit while the case is pending." Such a post-petition claim which is not discharged in bankruptcy.

The cases relied upon by the Trustee are distinguishable from the instant case. In *In re Chase Manhattan Mortgage Corp. v. Padgett (In re Padgett),* 268 B.R. 309 *(*Bankr. S.D. Fla 2001), debtors mortgage was an escrowed mortgage. Post-petition, the amount of the monthly payment increased due to shortages in the escrow account for taxes and insurance. Notwithstanding substantial contact between debtors and the creditor, the creditor failed to advise debtors of the need to increase their monthly mortgage payment to cover the escrow shortage. The creditor subsequently requested that the bankruptcy court require debtors to pay the deficiency in the escrow account.

10

Relying in large part on the provisions in the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2609(b), the court concluded that the creditor's failure to give notice of the increased monthly payment precluded the creditor from collecting the deficiency in the escrow account.

A bankruptcy court in this district reached a similar conclusion in *In re Johnson*, 384 B.R. 763 (Bankr. E.D. Mich. 2008). In *Johnson*, Debtor was in his first bankruptcy case from November 5, 2003 until the case was dismissed on April 25, 2007. On July 9, 2007, Debtor filed a second chapter 13 bankruptcy. The mortgage creditor filed a proof of claim in Debtor's second bankruptcy case. A large component of the claim was an escrow shortage which had accrued in Debtor's first case. Debtor objected to the proof of claim, arguing that the creditor's failure to give notice of the arrearage in the escrow account over a five year period of time precluded the creditor from collecting that arrearage in the debtor's second Chapter 13 case. The court ruled in favor the Debtor stating:

> The conclusion that the Court has reached in this case is based on the equitable doctrine of waiver. . . In this case, it is not just Washington Mutual's failure to comply with RESPA by itself that provides the basis for the waiver. Rather, the Court's conclusion is based on Washington Mutual's failure to comply with RESPA, combined with its failure to comply with L.B.R. 3001-2, its failure to comply with the notification requirements of its mortgage, the lengthy passage of time, the Debtor's substantial performance of his plan from 2003 - 2007, and the Debtor's inability to now cure the surprise arrearage claim because he is now on fixed retirement income.

*Johnson,* 384 B.R. at 776. The court disallowed the portion of the creditor's arrearage claim which had accrued during Debtor's first bankruptcy case.

Because the parties in the instant case resolved the payment of the post-petition taxes consensually, the record is not as developed in this case as it was in either the *Padgett* or the *Johnson* cases. However, even with the limited record in this case, the Court is satisfied that *Padgett* and *Johnson* do not control the disposition of this case. Both *Padgett* and *Johnson* involved escrowed mortgages, where the creditor's claim arose out of a deficiency balance on the monthly payment necessary to fund the escrow account. The cases turned, in large part, on the creditor's failure to provide debtor with notice of the increased monthly payment necessary to properly fund the escrow account. The mortgage in the instant case is a non-escrowed mortgage. Debtors were notified annually on the tax and interest statements sent to Debtors that the Creditor had paid Debtors' post-petition tax liability. Debtors' Schedule J provided an amount Debtors planned to set aside monthly to pay their post-petition property tax obligations. The notice issues that existed in the *Padgett* and *Johnson* cases simply do not exist in this case. On these facts, the amount the Creditor advanced to pay post-petition taxes survives discharge.

III.

CONCLUSION

The Trustee has failed to establish any basis for relief under Fed. R. Bankr. P. 9024 or L.B.R. 9024. The Trustee has failed to demonstrate a palpable defect by which the Court and the parties were misled. Therefore,

**IT IS HEREBY ORDERED** the Trustee's Motion for Reconsideration of the "Order Resolving Creditor's Objection to Trustee's Notice of Plan Completion and for

Recovery of Funds Advanced for Delinquent Taxes" is **DENIED**.

Signed on June 28, 2011

                                               /s/ Marci B. McIvor
                                               Marci B. McIvor
                                               United States Bankruptcy Judge